**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CHRISTIAN SEPARATIST CHURCH
SOCIETY OF OHIO, et al.**

      **Plaintiffs,**

      v.                                Civil Action 2:15-cv-2757
                                        Judge Algenon L. Marbley
                                        Magistrate Judge Elizabeth P. Deavers

**OHIO DEPARTMENT OF REHABILITATION
AND CORRECTIONS,** *et al.,*

      **Defendants.**

**<u>ORDER AND REPORT AND RECOMMENDATION</u>**

Plaintiffs, state inmates under the supervision of the Ohio Department of Rehabilitation and Correction, bring this prisoner civil rights action under 42 U.S.C. § 1983.[1] This matter is before the Court for a Report and Recommendation on the initial screen of Plaintiffs' Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiffs' Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Undersigned finds that Plaintiffs' claims against Defendants in their official capacities and Plaintiffs' claims against the Ohio Department of Rehabilitation and Correction are not cognizable under 42 U.S.C. § 1983 and therefore **RECOMMENDS** that the Court

---

[1] Plaintiffs bring their claims against Defendants The Ohio Department of Rehabilitation and Correction; Gary C. Mohr, Director; Michael Davis, Religious Serrvices Administrator; and Roger Wilson, Chief Inspector.

**DISMISS** those claims.  The Undersigned finds that the complaint fails to state a claim for which relief can be granted with respect to Plaintiffs' claims under 42 U.S.C. §§ 1981, 1985(3) and 1986, and the substantive due process and equal protection provisions of the Fourteenth Amendment and therefore **RECOMMENDS** that the Court **DISMISS** Plaintiffs' claims under those provisions.  The Undersigned also finds that Plaintiff Christian Separatist Church Society of Ohio, as an unincorporated entity, lacks standing to bring a claim under 42 U.S.C. § 2000cc-1 and therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff Christian Separatist Church Society of Ohio's complaint under that provision.  The Undersigned also finds that Plaintiff James E. Damron's claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, and the First Amendment are barred by the doctrine of *res judicata* and therefore **RECOMMENDS** that the Court **DISMISS** those claims.  The Undersigned further finds that at this early, initial screening stage the remaining Plaintiffs' claims alleging violations of RLUIPA and the First Amendment arguably state claims for relief that can be granted against Defendants and, therefore, **RECOMMENDS** that those claims continue against Defendants Mohr, Davis, and Wilson in their individual capacities.

**I.**

Plaintiffs are inmates at various state correctional institutions throughout Ohio.  The Complaint names as defendants the Ohio Department of Rehabilitation and Correction (ODRC), ODRC Director Gary C. Mohr, ODRC Religious Services Administrator Michael Davis, and ODRC Chief Inspector Roger Wilson.  The Complaint indicates that Plaintiffs are suing Defendants Mohr, Davis, and Wilson in both their individual and official capacities.  (ECF No. 1 at 5.)

> Plaintiffs assert claims under 42 U.S.C. § 1983 for the following:
>
> violation of racial discrimination, conspiracy to commit racial discrimination, failure of due process, denial of free exercise of religion, failure of equal protection, of freedom of speech, and to peacefully assemble, a failure to keep a contract and cruel and unusual treatment as measured against the First, Fifth, Eighth, and Fourteenth Amendments of the Constitution.

(ECF No. 1 at 6.) Plaintiffs object to the existence of only one ODRC-recognized Protestant organization, which Plaintiffs claim is so theologically distinct from, and inimical to, their beliefs as to require an additional ODRC Religious Accommodation in order to exercise their constitutional rights. (*Id.*) Plaintiffs consider themselves members of the Christian Separatist Church Society of Ohio, an unincorporated organization for which Plaintiffs have sought a Religious Accommodation under ODRC regulation 72-REG-02. (ECF No. 1 at 7.) According to Plaintiffs, Defendants have refused all requests for a Religious Accommodation or have arbitrarily delayed making administrative decisions on the matter. (*Id.*)

Plaintiffs claim that without an ODRC Religious Accommodation they cannot engage in their required congregate worship, to include group worship and reading of religious literature. (ECF No. 1 at 11.) In addition, Plaintiffs claim that because of ODRC's failure to approve a Religious Accommodation, they are not able to observe all of their required holy days. (ECF No. 1 at 8-9.) In sum, Plaintiffs allege that Defendants' denial of a Religious Accommodation and other requests amount to a "wholesale denial" of Plaintiffs' right to practice their religion. (ECF No. 1 at 11.)

## II.

Congress enacted 28 U.S.C. § 1915A, as part of the Prison Litigation Reform Act, Pub.L. 104–134, 110 Stat. 1321, enacted in April 1996, in order to "discourage prisoners from filing

3

[frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2]  In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or--
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[2]Prisoner claims filed *in forma pauperis* are also screened under 28 U.S.C. § 1915(e)(2). Here, however, Plaintiffs have paid the full filing fee and have not filed an application to proceed *in forma pauperis*. Therefore, screening in this matter under 28 U.S.C. § 1915(e)(2) would be improper. *See Benson v. O'Brian, et al.*, 179 F.3d 1014 (6th Cir. 1999) (holding "§ 1915(e)(2) applies only to in forma pauperis proceedings")).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 2013 WL 4081909 at *2 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

**III.**

Plaintiffs bring their claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or

5

> usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must plead both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985).

**A. Claims Against Defendants in their Official Capacities and Claims Against the Ohio Department of Rehabilitation and Corrections**

As a preliminary matter, § 1983 does not permit Plaintiffs to bring their claims against the ODRC and their claims against the other Defendants in their official capacity. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. A state and its officials acting in their official capacities are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Any action against ODRC, an agency of the State of Ohio, is an action against the State of Ohio, not a "person" under § 1983. Plaintiffs' § 1983 claims against ODRC and against Defendants in their official capacities, therefore, are not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable).

**B. Claims Against Defendants Mohr, Davis, and Wilson in their Individual Capacities**

    **1. Claims under 42 U.S.C. § 1981**

The protections of 42 U.S.C. § 1981 prohibit race discrimination in the making and enforcing of contracts. The statute prohibits racial discrimination against whites as well as nonwhites. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295 (1976) (Section 1981 was intended to "proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race."). In *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989), the Supreme Court restricted the application of § 1981 to claims arising out of the formation of the contract. But the Civil Rights Act of 1991 legislatively overruled the Supreme Court's decision in *Patterson*, providing that the clause "to make and enforce contracts" in Section 1981 "includes the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "[A] plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'" *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479-80 (2006).

In the instant case, Plaintiffs have not alleged any facts that would purport to show the existence of a contract under which they have rights which they are now seeking to enforce. Plaintiffs have merely recited conclusory allegations that Defendants committed "racial discrimination exercised under the color of state law during the execution of a contract." (ECF No. 1 at 8.) The claim, therefore, contains no allegations that, if proven, would demonstrate that Defendants violated any rights protected by § 1981. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted under 42 U.S.C. § 1981.

**2. Claims under 42 U.S.C. §§ 1985(3) and 1986**

42 U.S.C. § 1985(3) provides in relevant part that:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

During Reconstruction, Congress passed § 1985(3) in order to provide a cause of action against participants in private conspiracies to deprive others "of rights secured by the law to all." *Griffin v. Breckenridge,* 403 U.S. 88, 101 (1971). "A plaintiff makes out a valid cause of action under § 1985(3) by demonstrating: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to either person or property or a deprivation of any right or privilege of a United States citizen." *Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 222-23 (6th Cir. 1991). In order to plead a conspiracy under § 1985(3), Plaintiffs must allege facts that, if true, would show that Defendants either acted in concert or in furtherance of a common objective to injure Plaintiffs. *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998). Conspiracy claims must be pled with some degree of specificity. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Vague and conclusory allegations unsupported by materials facts are not sufficient to

8

state a conspiracy claim. *Id.* Section 1986 creates a cause of action for a knowing failure to prevent wrongful acts pursuant to a conspiracy to interfere with civil rights. 42 U.S.C. § 1986. Any defendants with knowledge of a §1985(3) conspiracy who, through negligence, fail to prevent the discriminatory acts can be liable under § 1986.[1]

In their Complaint, Plaintiffs assert that Defendants conduct in refusing to approve a Religious Accommodation for separate religious observances amounts to a "conspiracy to commit class based discrimination." (ECF No. 1 at 8.) Plaintiffs have alleged various acts by Defendants in denying "group accommodations for inmate religious groups" and exercising "authority to grant or deny inmate grievance appeals." (ECF No. 1 at 5.) Plaintiffs, however, offer nothing more than the conclusory allegation that Defendants acted in concert. Plaintiffs fail to make sufficient factual allegations to establish any sort of "meeting of the minds" or to link any of the alleged conspirators in a conspiracy to deprive them of their constitutional rights. Plaintiffs, therefore have failed to state a claim under 42 U.S.C. § 1985 upon which relief can be granted.

Because Plaintiffs have failed to state a claim under § 1985, their claims under § 1986 likewise fail. *See Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990) ("Where a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986.").

---

[1] 42 U.S.C. § 1986 provides, in relevant part:

> Every person who, having knowledge that any wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

### 3. Due Process Claims

The Due Process Clause has both a procedural and a substantive component. The two components are distinct from each other because each has different objectives, and each imposes different constitutional limitations on government power. A procedural due process limitation, unlike its substantive counterpart, does not require that the government refrain from making a choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision. *Howard v. Grinage,* 82 F.3d 1343, 1349–1353 (6th Cir.1996). The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. *Id.* Procedural due process requires that an individual be given the opportunity to be heard "in a meaningful manner." *Loudermill v. Cleveland Bd. of Educ.,* 721 F.2d 550, 563 (6th Cir. 1983). Procedural due process claims do not consider the egregiousness of the deprivation itself, but only question whether the process accorded to the deprivation was constitutionally sufficient. *Id*. at 1350. Although the existence of a protected liberty interest is the threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams,* 474 U.S. 327, 331 (1986). Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action. *Id.* It serves as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right;"

or as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the conscious," as to rise to the level of a constitutional violation. *Howard,* 82 F.3d at 1349.

### a. Procedural Due Process

To plead a procedural due process claim, Plaintiffs must allege either that Defendants deprived them of their liberty as a result of an established state procedure that itself violates due process rights; or, that Defendants deprived them of liberty pursuant to a random and unauthorized act and that available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.,* 951 F.2d 700, 706 (6th Cir.1991); *see Vicory v. Walton,* 721 F.2d 1062, 1064 (6th Cir.1983).

In the instant case, Plaintiffs do not allege that the State's procedures violate their due process rights. Rather, to the extent that Plaintiffs assert a due process claim, it would appear they claim that Defendants intentionally failed to observe established procedures. According to Plaintiffs, Defendants have intentionally delayed ruling on various requests and grievances in order to avoid making decisions that Plaintiffs could legally challenge. (ECF No. 1 at 9.)

Plaintiffs must also plead that state remedies for redressing the wrong are inadequate. *Macene,* 951 F.2d at 706; *Vicory,* 721 F.2d at 1064. Plaintiffs indicate that the procedural purgatory in which the state has placed them precludes availing themselves of the usual state remedies. (ECF No. 1 at 9.)

Plaintiffs, therefore, have met their burden of pleading a procedural due process claim upon which relief can be granted against Defendants.

### b. Substantive Due Process

Due process claims of this nature involve official acts which cause a deprivation of a substantive fundamental right. *Mertik v. Blalock,* 983 F.2d 1353,1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno,* 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor,* 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*

Because Plaintiffs assert without explanation a violation of due process, any claim for violation of substantive due process must necessarily derive from a close reading of the facts alleged. However, even interpreted liberally, Plaintiffs have not described any set of facts that would suggest they are making a claim for a violation of their substantive due process rights. Accordingly, Plaintiffs have failed to state a substantive due process claim upon which relief can be granted against Defendants.

### 4. Equal Protection

Plaintiffs assert without explanation that they were denied equal protection. The Equal Protection Clause prohibits discrimination by government officials which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L. C. v. Township of*

12

*Richmond*, 641 F.3d 673, 681–682 (6th Cir.2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers. *Id*.

Plaintiffs' equal protection claim fails at the outset because they do not allege that they were treated differently than others similarly situated. Consequently, Plaintiffs cannot claim they were denied the equal protection of the law. Plaintiffs, accordingly, have failed to state an equal protection claim upon which relief may be granted against Defendants.

### 5. Eighth Amendment Claims

The Supreme Court has stated that conditions of incarceration "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9. Plaintiffs must also establish a subjective element showing the prison

officials acted with a sufficiently culpable state of mind.  *Id*.  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id*.  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiffs fail to establish the objective component of their claim.  An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness.  *Wilson*, 501 U.S. at 298; *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir.1996).  In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or annoyance.  *Hudson*, 503 U.S. at 9–10 (requiring extreme or grave deprivation).

Plaintiffs without explanation assert violations of the Eighth Amendment to the Constitution.  Failure to provide separate Protestant religious accommodations for Plaintiffs' religious group is not an extreme deprivation which constitutes serious health risks.  Plaintiffs, therefore, have failed to state an Eighth Amendment claim for relief upon which relief may be granted against Defendants.

**6. First Amendment and Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 ("RLUIPA") Claims**

**a. Plaintiffs Damron and Christian Separatist Church Society of Ohio**

As preliminary matters, the Undersigned must evaluate Plaintifft Christian Separatist Church Society's standing under RLUIPA to maintain a claim against Defendants and the claim preclusive effect of a previous judgment against Plaintiff Damron.

Section 2000cc-1 of RLUIPA affords protection only to "the religious exercise of a person residing in or confined to an institution." 42 U.S.C. § 2000cc-1(a). As an unincorporated entity, Plaintiff Christian Separatist Church Society of Ohio cannot be considered a person "residing in or confined to an institution." The Undersigned, therefore, finds that Plaintiff Christian Separatist Church Society does not have standing to bring a claim under 42 U.S.C. § 2000cc-1.

In 2009, Plaintiff James E. Damron commenced a civil action in this Court against the then-ODRC Religious Services Director in which, amongst others, he advanced a RLUIPA claim identical to the one asserted in the instant case. *Damron v. Jackson*, No. 2:09-CV-050, 2011 WL 4402767 (S.D. Ohio Sept. 21, 2011). The court found against Plaintiff Damron at the summary judgment stage. *Id*. at *8.

The doctrine of *res judicata* promotes the finality of judgments and thereby increases certainty, discourages multiple litigation, and conserves judicial resources. *Westwood Chemical Co ., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Claim preclusion only arises, however, in the presence of the following four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

Plaintiff Damron's 2009 claim asserted the same First Amendment and RLUIPA violations as those presesnted in the instant action. *Damron*, at *7-*8. Plaintiff Damron complained of the ODRC's failure to provide a Religious Accommodation, which he said

15

prohibited him from practicing his religion. *Id*. Although the Court found against Plaintiff Damron on the merits, he attempts to relitigate his prior claims against Defendants again in the instant action. Accordingly, Plaintiff Damron's First Amendment and RLUIPA claims are barred by the doctrine of *res judicata*.

### b. Remaining Plaintiffs

First Amendment rights, like many other rights, are circumscribed in the prison setting. In *Turner v. Safley*, 482 U.S. 78, 89 (1987), for example, the Supreme Court held that "a prison regulation [that] impinges on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." Similarly, *Pell v. Procunier*, 417 U.S. 817, 822 (1974), holds that "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Thus, review of such regulations offers a considerable degree of deference to the prison authorities, while still retaining ultimate judicial authority to evaluate the constitutional reasonableness of the regulation. *See Turner*, 482 U.S. at 89–91 (rejecting strict scrutiny). In *Turner*, the Supreme Court held that four factors are relevant in deciding whether a prison regulation affecting a constitutional right that survives incarceration withstands constitutional challenge: whether the regulation has a "'valid, rational connection'" to a legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are "ready alternatives" to the regulation. 482 U.S., at 89–91. If the first factor is not present, the regulation is unconstitutional, and the other factors do not matter. *Spies v. Voinovich*, 173 F.3d 398, 403 (1999); *Muhammad v. Pitcher*, 35 F.3d 1081,

1084 (6th Cir. 1994). The remaining factors are considerations that must be balanced together. *Spies*, 173 F.3d at 403 (quoting Turner, 482 U.S. at 90-91).

RLUIPA requires the state to show that any substantial burden on a prisoner's religious exercise is the least restrictive means of furthering a compelling government interest. *Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005). Courts considering RLUIPA claims must also appropriately balance the prison's need to maintain order and safety with the rights protected by the Act. *Cutter*, 544 U.S. at 722-23.

Plaintiffs allege that Defendants have substantially burdened their exercise of religious belief by refusing to grant a Religious Accommodation. (ECF No. 1 at 7.) In order to participate in organized Protestant religious activities, in the absence of a Religious Accommodation, Plaintiffs must join in the activities of the recognized Protestant group. (*Id*.) According to Plaintiffs, the teachings of their church are theologically distinct from the recognized Protestant group. (*Id*.) Plaintiffs' also state that their religious beliefs require them to worship only in the presence of their coreligionists. (*Id*.) Additionally, under prison rules, Plaintiffs are not permitted to read their religious literature aloud with each other. (ECF No. 1 at 11.) Plaintiffs claim that they are only allowed to practice their faith privately in their own cells, which prevents them from observing their religious requirement of congregate worship. (*Id*.)

It appears Plaintiffs also allege that a Religious Accommodation is required in order to exercise their right to peaceably assemble. According to Plaintiffs, Defendants' "consistent denial" of a Religious Accommodation unreasonably abridges these rights. (*Id*.) Absent a Religious Accommodation, Plaintiffs say they can only observe their religious obligations privately in their cells. (*Id*.)

Accordingly, Plaintiffs have stated RLUIPA and First Amendment claims upon which relief can be granted against Defendants.

In sum, for the reasons explained above, the Undersigned **RECOMMENDS** that Plaintiffs' claims against Defendants in their official capacities and Plaintiffs' claims against the Ohio Department of Rehabilitation and Corrections be dismissed as not cognizable under 42 U.S.C. § 1983.  The Undersigned also **RECOMMENDS** that Plaintiffs' claims against Defendants Mohr, Davis, and Wilson in their individual capacities under 42 U.S.C. § 1983 for violations of  42 U.S.C. §§ 1981, 1985(3) and 1986, and the substantive due process and equal protection requirements of the 14th Amendment be **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.  The Undersigned also **RECOMMENDS** that Plaintiff Christian Separatist Church Society of Ohio's claims under RLUIPA be **DISMISSED** for lack of standing under the statute.  The Undersigned **RECOMMENDS** that Plaintiff Damron's claims against Defendants under 42 U.S.C. § 1983 for violations of RLUIPA and the First Amendment be **DISMISSED** as barred by the doctrine of *res judicata*.  The Undersigned **FURTHER RECOMMENDS** that Plaintiffs' claims under 42 U.S.C. § 1983 for violations of 42 U.S.C. § 2000cc-1 and the First Amendment continue against Defendants Mohr, Davis, and Wilson in their individual capacities.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Attorney General's Office, Criminal Justice Section, Corrections Litigation Unit, 150 East Gay Street, Columbus, OH 43215.

**IT IS SO ORDERED**.

Date: October 1, 2015                             /s/ *Elizabeth A. Preston Deavers*
                                                              Elizabeth A. Preston Deavers
                                                              United States Magistrate Judge