IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN SEPARATIST CHURCH SOCIETY OF OHIO, *et al.*, | : : : | |
| | : | Case No. 2:15-cv-2757 |
| Plaintiffs, | : : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : : | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, *et al.*, | : : : | Magistrate Judge Deavers |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiffs' Objections, (Doc. 9), to the Magistrate Judge's October 1, 2015 **Report and Recommendation** ("R&R"). (Doc. 4.) In the R&R, the Magistrate Judge recommended the dismissal of some claims and the continuation of others. Upon independent review by the Court, and for the reasons set forth below, Plaintiffs' Objections are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

### I.    BACKGROUND

#### 1.  Factual Background

The Magistrate Judge sets forth the pertinent facts of this case in the October 1, 2015 R&R. *See Christian Separatist Church Soc'y of Ohio v. Ohio Dep't of Rehab. and Corr.*, No. 2:11-CV-2757, 2015 WL 5822679, at *1-2 (S.D. Ohio October 1, 2015). Plaintiffs did not contest the Magistrate Judge's summary of the facts, nor did they include a summary of the facts in their objections to the Magistrate Judge's R&R. Accordingly, this Court adopts the Magistrate Judge's facts in full.

## 2.  Procedural Background

On August 26, 2015, Plaintiffs, inmates at various state correctional institutions throughout Ohio, filed this action under 42 U.S.C. § 1983, naming as defendants the Ohio Department of Rehabilitation and Correction ("ODRC"), ODRC Director Gary C. Mohr, ODRC Religious Services Administrator Michael Davis, and ODRC Chief Inspector Roger Wilson. The Complaint indicates that Plaintiffs are suing Defendants Mohr, Davis, and Wilson in both their individual and official capacities. (Doc. 1, PageID 5.)

On October 1, 2015, the Magistrate Judge issued an R&R recommending the dismissal of some claims and the continuation of others. The Magistrate Judge recommended that Plaintiffs' claims against Defendants in their official capacities and Plaintiffs' claims against the ODRC be dismissed as not cognizable under § 1983. The Magistrate Judge also recommended that Plaintiffs' claims against Defendants Mohr, Davis, and Wilson in their individual capacities under § 1983 for violations of 42 U.S.C. §§ 1981, 1985(3), and 1986 be dismissed, and likewise that Plaintiffs' substantive due process and equal protection claims be dismissed, pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The Magistrate Judge further recommended that Plaintiff Christian Separatist Church Society of Ohio's claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, be dismissed for lack of standing under the statute. With regard to Plaintiff James E. Damron's claims under § 1983 for violations of RLUIPA and the First Amendment, the Magistrate Judge recommended that those claims be dismissed as barred by the doctrine of *res judicata*. Finally, the Magistrate Judge recommended that the remaining Plaintiffs' claims under § 1983 for violations of RLUIPA and the First Amendment continue against Defendants Mohr, Davis, and Wilson in their individual capacities.

On November 12, 2015, Plaintiffs filed objections to the Magistrate Judge's R&R. (Doc. 4). This matter is now ripe for review.

## II.     STANDARDS

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Only objections that are specific are entitled to a *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (noting that "[t]he parties have the duty to pinpoint those portions of the Magistrate Judge's report that the district court must specially consider").

In the instant case, the Magistrate Judge reviewed Plaintiffs' Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which was frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting an initial screen of Plaintiffs' Complaint, the Court recognizes that Plaintiffs are proceeding without the benefit of an attorney. A *pro se* litigant's pleadings must be, and in this instance are, construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## III.     ANALYSIS

Plaintiffs object only to the Magistrate Judge's recommendation that Plaintiff Christian Separatist Church Society of Ohio's claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, be dismissed for lack of standing under the

3

statute, and that Plaintiff James E. Damron's claims under 42 U.S.C. § 1983 for violations of RLUIPA and the First Amendment be dismissed as barred by the doctrine of *res judicata*. Plaintiffs do not object to any of the Magistrate Judge's other findings. Because Plaintiffs do not object to the Magistrate Judge's other findings, Plaintiffs are not entitled to *de novo* review on those matters. 28 U.S.C. § 636(b)(1). The Court hereby **ADOPTS** the findings of the Magistrate Judge on those matters, and hereby **DISMISSES** those claims. The Court will consider each of the Magistrate Judge's remaining recommendations, and Plaintiffs' objections thereto, in turn.

### A. RLUIPA Standing

Plaintiffs object to the Magistrate Judge's finding that that Plaintiff Christian Separatist Church Society of Ohio cannot be considered a "person residing in or confined to an institution," so as to invoke the protections of 42 U.S.C. § 2000cc-1. 42 U.S.C. § 2000cc-1(a). In support of their objection, Plaintiffs appear to suggest that merely because the Christian Separatist Church Society of Ohio is an entity having the "right to appear in Court," (Doc. 9, PageID 252), that it is therefore entitled to standing under 42 U.S.C. § 2000cc-1. This Court is satisfied with the Magistrate Judge's determination that an artificial legal entity, such as the Christian Separatist Church Society of Ohio, does not have standing under Section 2000cc-1 of RLUIPA. The purpose of RLUIPA is to "protect[] institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 US. 709, 721 (2005). Plaintiffs have provided no reason why an artificial entity would be considered a "person" under RLUIPA, and the Court's research has found no case finding as much. Further, the Court sees no reason to find as much here. Although members of the Christian Separatist Society are in ODRC custody, there is no indication that the entity is. Indeed members of the Society consider it to be

4

"the indivisible body politic," and the "Wife of Christ *in personam*," which suggests that the entity has a much larger and powerful presence than one confined to the custody of ODRC or that can function solely at the will of ODRC. (Doc. 1 at 2.)

Although 42 U.S.C. § 1997 defines "person" to mean "an individual, a trust or estate, a partnership, an association, or a corporation," 42 U.S.C. § 1997, the plain language of 42 U.S.C. § 2000cc-1 indicates that it applies to "a person *residing in or confined to an institution*." 42 U.S.C. § 2000cc-1 (emphasis added). Plaintiffs do not allege, nor could they accurately allege, that the Christian Separatist Church Society of Ohio is confined to a correctional institution like the other Plaintiffs are. Indeed, the organization's own Catechism describes the organization as "not geographical" and, thus, not tied to any particular location. *See* "Ecclesiology," Catechism for the Christian Separatist Church Society, *available at* http://anointednation.org/christian-separatist-catech/8-ecclesiology/ (last seen April 18, 2016). The Court, therefore, agrees with the Magistrate Judge that Plaintiff Christian Separatist Church Society of Ohio does not have standing to bring a claim under 42 U.S.C. § 2000cc-1.

### B. *Res Judicata*

Plaintiffs object to the Magistrate Judge's finding regarding the preclusive effect of a previous judgment against Plaintiff Damron on Plaintiff Damron's First Amendment and RLUIPA claims. Claim preclusion arises in the presence of four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). As a preliminary matter, this Court finds that the

first two elements necessary for claim preclusion are present. In 2009, Plaintiff Damron commenced a civil action in this Court in which he complained of ODRC's failure to provide a religious accommodation. *See Damron v. Jackson*, No. 2:09-cv-050, 2011 WL 4402767 (S.D. Ohio Sept. 21, 2011) (the "2011 Case"). In that previous case, the Court found against Plaintiff Damron at the summary judgment stage. Moreover, the defendant in that previous case was Wanza Jackson, the Religious Services Director of the ODRC. In the present case, Defendants are the ODRC, ODRC Director Gary C. Mohr, ODRC Religious Services Administrator Michael Davis, and ODRC Chief Inspector Roger Wilson. Accordingly, this Court is satisfied that Plaintiff Damron's subsequent action is between the same parties or their privies.

Plaintiffs argue that elements (1), (3), and (4) are not present. As discussed *supra*, Plaintiffs' contention that the first element is not present is untenable because the Court in the previous case reached a final decision on the merits at the summary judgment stage. *See Helfrich v. Metal Container Corp.*, 11 Fed. App'x 574, 576 (6th Cir. 2001) ("The district court rendered a final decision on the merits by granting summary judgment.").

Despite Plaintiffs' argument to the contrary, elements three and four are also not satisfied. To satisfy elements three and four of *res judicata*, both actions must arise from the "same transaction, or series of transactions." *Hivner v. Active Elec., Inc.*, 878 F. Supp. 2d 897, 904 (S.D. Ohio 2012) (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)). As Plaintiffs correctly assert, *res judicata* does not prevent a party from asserting claims in a subsequent suit, based on events that occurred after it filed the previous lawsuit. *See, e.g.*, *Putnam Pit, Inc. v. City of Cookeville, Tenn.*, 221 F.3d 834, 840 n.3 (6th Cir. 2000) (claim preclusion did not bar plaintiffs' claims where the events which formed the basis of the suit occurred after the filing of the previous, related suit). In this case, Plaintiff Damron alleges,

among other things, that on September 13, 2014 he and his "fellow worshippers" were interrupted and prevented from observing their "religious Holy Days and communal feast, Days of Vindication," (Doc. 8, PageID 306), and that on November 27, 2014 his request to congregate for services for Christian Separatists was denied. (Doc. 8, PageID 315). The 2011 Case touched on Plaintiffs' prior request to congregate separately, but the court there found that Plaintiffs being denied separate congregation was not a substantial burden because their request for separate congregation was not accompanied by any specific doctrinal demand, rather they made "a bare reference to a 'congregate obligation.'" 2011 WL 4402767, at *8. Although Plaintiffs now cite the organization's Catechism, (*see* Doc. 1, ¶ 9), the Catechism does not explicitly demand regular church attendance or separate worship. *See* "Ecclesiology," Catechism for the Christian Separatist Church Society, *available at* http://anointednation.org/christian-separatist-catech/8-ecclesiology/ (last seen May 4, 2016). This Court agrees with the Magistrate Judge's conclusion that Plaintiffs' current claims about congregate worship are not materially different from those same claims that have already been disposed of finally and on the merits. Thus, the Court **OVERRULES** Plaintiffs' objection to and **SUSTAINS** the recommendation of the Magistrate Judge.

### C. Remaining Plaintiffs

This Court agrees with the Magistrate Judge that the remaining Plaintiffs have stated RLUIPA and First Amendment claims upon which relief may be granted against Defendants. Those Plaintiffs allege that Defendants have substantially burdened their exercise of religious belief by refusing to grant a religious accommodation. (Doc 1, PageID 7.) In order to participate in organized Protestant religious activities, in the absence of a religious accommodation, Plaintiffs must join in the activities of the recognized Protestant group, the teachings of which,

7

according Plaintiffs, are theologically distinct from their own religious beliefs. (*Id.*) Additionally, under prison rules, Plaintiffs are not permitted to read their religious literature aloud to each other. (Doc. 1, PageID 11.) Instead, Plaintiffs allege that they are allowed to practice their faith only privately in their own cells, which prevents them from observing their religious requirement of congregate worship. (*Id.*) Consequently, as the Magistrate Judge found, Plaintiffs appear to allege that a religious accommodation is required in order to exercise their right to peacefully assemble. Plaintiffs' First Amendment and RLUIPA claims may, therefore, continue against Defendants Mohr, Davis, and Wilson in their individual capacities.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED.** The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiffs' claims against Defendants in their official capacities and Plaintiffs' claims against the Ohio Department of Rehabilitation and Corrections are **DISMISSED** as not cognizable under 42 U.S.C. § 1983. Plaintiffs' claims against Defendants Mohr, Davis, and Wilson in their individual capacities under 42 U.S.C. § 1983 for violations of 42 U.S.C. §§ 1981, 1985(3) and 1986, and the substantive due process and equal protection requirements of the 14th Amendment are **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. Plaintiff Christian Separatist Church Society of Ohio's claims under RLUIPA are **DISMISSED** for lack of standing under the statute. Plaintiff Damron's claims against Defendants under 42 U.S.C. § 1983 for violations of RLUIPA and the First Amendment are **DISMISSED** as barred by the doctrine of *res judicata*. Plaintiffs'

claims under 42 U.S.C. § 1983 for violations of 42 U.S.C. § 2000cc-1 and the First Amendment continue against Defendants Mohr, Davis, and Wilson in their individual capacities.

**IT IS SO ORDERED.**

                                               s/ Algenon L. Marbley
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED:  May 5, 2016**