UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE CHRISTIAN SEPARATIST CHURCH
SOCIETY OF OHIO; THE WIFE OF CHRIST,
PROSOPOPOEIA, *et al.*,

      **Plaintiff,**

                                                           Civil Action 2:15-cv-2757
     v.                                          Judge Algenon L. Marbley
                                                Magistrate Judge Elizabeth P. Deavers

**GARY C. MOHR,** *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

Plaintiffs initiated this action by filing a Complaint (ECF No. 1; the "Complaint") against Defendants on August 26, 2015. Plaintiffs are inmates at various state correctional facilities throughout Ohio who brought civil rights claims under 42 U.S.C. § 1983 against Defendants in their official and personal capacities.[1] On October 1, 2015, the Undersigned performed an initial screen, pursuant to 28 U.S.C. §§ 1915A and 1915(e), and issued a Report and Recommendation to dismiss all monetary claims against Defendants in their official capacities, as well as to dismiss certain parties and all claims other than alleged violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, and the First Amendment. (ECF No. 4; the "Report and Recommendation.") On November 10, 2015, Plaintiffs filed an Amended Complaint without having properly sought leave from the Court. (ECF No. 8.) On

---

[1] Plaintiffs named the Ohio Department of Rehabilitation and Corrections ("ODRC"), ODRC Director Gary Mohr ("Mohr"), ODRC Religious Services Administrator Michael Davis ("Davis"), and ODRC Chief Inspector Roger Wilson ("Wilson") as Defendants in the Complaint.

May 5, 2016, the District Judge adopted the Report and Recommendation.  (ECF No. 12.)  On May 23, 2016, the Court struck Plaintiffs' first proposed Amended Complaint.  (ECF No. 17.)

Defendants now seek dismissal of the remaining counts in the Complaint for failure to state a claim.  (ECF No. 25.)  Plaintiffs filed their Response in Opposition on September 26, 2016.  (ECF No. 30.)  Defendants filed their Reply to the Response on October 11, 2016.  (ECF No. 32.)  Additionally, on September 4, 2016, Plaintiffs filed a Motion for Leave to File an Amended Complaint.  (ECF No. 26.)  Defendants filed their Response in Opposition on September 13, 2016.  (ECF No. 28.)  Plaintiffs filed their Reply to the Response on October 4, 2016.  (ECF No. 31.)  For the reasons that follow, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED in part and DENIED in part** and that Plaintiffs' Motion for Leave to File an Amended Complaint be **DENIED**.

## II. STANDARD OF REVIEW

**A. Motion to Dismiss**

Defendants bring their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiffs have failed to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

**B. Motion to Amend**

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, when a party decides "to advance a new claim as a result of [] discovery" Rule 15(a) provides for "liberal amendment to the complaint." *Tucker v. Union of Needletrades, Indust. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, *or would be futile*.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)) (emphasis added). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

## III. ANALYSIS

**A. Motion to Dismiss**

Plaintiffs bring the reamaining claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir. 1983), *rev'd and remanded sub nom*. *Brandon v. Holt*, 469 U.S. 464 (1985). To sufficiently plead the first element, a plaintiff must allege "personal involvement" on the part of the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id*. (citation omitted).

The three elements of a First Amendment retaliation claim are as follows:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Rapp v. Putman*, No. 15-1995, 2016 WL 1211850 at *3 (6th Cir. Mar. 29, 2016) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*)) (internal quotes omitted). "[C]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a . . . claim." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).

The First Amendment, made applicable to the states through the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. "Prisoners retain the First Amendment right to the free exercise of their religion." *Hayes v. Tennessee*, 424 F. App'x 546, 549 (6th Cir. 2011). "Under § 1983, a prisoner alleging that the actions of prison officials violate his religious beliefs must show that the belief or practice asserted is religious in the person's own scheme of things and is sincerely held." *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010) (citation and internal quotation marks omitted). The prisoner must also show that the prison's action substantially burdens his sincerely held religious beliefs. *Id*. "An action of a prison official will be classified as a substantial burden when that action forced an individual to choose between following the precepts of his religion and forfeiting benefits or when the action in question placed substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Hayes*, 424 F. App'x at 555 (internal quotation marks and citations omitted). Under § 1983, if the action substantially burdens a prisoner's sincerely held beliefs, the action "is valid if it is 'reasonably related to legitimate penological interests.'" *Colvin v. Caruso*, 605 F.3d 282, 296 (6th Cir. 2010) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

**1. Mohr**

The allegations against Mohr are insufficient to meet the requirement that he must have personally taken action against the Plaintiffs. The Complaint states that Mohr was unwilling to respond to Plaintiffs' grievances regarding burdens on their religious freedoms, for example, failures to respond to Plaintiffs' requests for communal services. (Compl. at 8.) These allegations fail to state a claim because "there is no inherent constitutional right to an effective grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v.*

5

*Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). The remaining statements regarding Mohr in the Complaint are mere legal conclusions rather than well-pled factual allegations. The Complaint states that Mohr "maintain[ed] policies that prohibit the expression of my religion beyond the parameters of the Constitution and RLUIPA . . . [which] creates a burden on my religion." (Compl. ¶ 20.) Additionally, the Complaint states that Mohr "commit[ed] equitable estoppel in the ruling on [Plaintiffs' religious] issues." (*Id.* ¶ 21.) These factually deficient conclusions do not satisfy the requisite pleading standard. *Iqbal*, 556 U.S. at 678. As a result, Plaintiffs fail to properly state a § 1983 claim against Mohr.

### 2. Wilson

The allegations against Wilson are similarly insufficient to meet the requirement that he must have personally taken action against the Plaintiffs. While difficult to ascertain any specific allegations at all with respect to Wilson, the Complaint does state that he, along with other prison officials, issued "obtuse and/or non-qualified responses" to Plaintiffs' requests for communal, segregated services. (Compl. at 8.) There are no allegations, however, that Wilson personally supplied any responses to Plaintiffs' requests for religious accommodations. First, these allegations do not rise to the level of personal involvement necessary in order to state a claim under § 1983. *Grinter*, 532 F.3d at 575. Second, no constitutional violation has occurred where an official has denied an administrative grievance and failed to remedy the alleged behavior or intervene on the prisoners' behalf. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999.) As a result, Plaintiffs fail to properly state a § 1983 claim against Wilson.

### 3. Davis

No factual allegations in the Complaint state a claim against Davis. Plaintiffs state that they have provided "an abundance of literature" to Davis, among others, "to provide [him] the opportunity and obligation of fulfilling [his] due diligence." (Compl. at 7.) But, Plaintiffs further state, "no indication of understanding of the literature is apparent" in the content of the administration's responses. (*Id*.) Additionally, Plaintiffs allege, Davis "prevented access to court for some period of time with estoppel by conduct." (*Id*. at 9.) Each of these allegations is a bald conclusory statement deplete of factual support. A plain reading of the text of the Complaint does not reveal any plausibly stated § 1983 claim against Davis.

### 4. RLUIPA Claims

As stated above, the Complaint alleges that the Plaintiffs requests for communal, segregated religious services in prison have gone unheeded. (Compl. ¶ 8.) The Defendants assert that Plaintiffs have not stated a claim for RLUIPA violations because the allegations do not demonstrate that Defendants are imposing a "substantial burden" on religious exercise. *Mann v. Wilkinson*, No. 2:00-cv-0706, 2007 WL 4562634, at * (S.D. Ohio Dec. 21, 2007).

RLUIPA is less deferential and affords more constitutional protection to prisoners than § 1983. "Under RLUIPA, '[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability,' unless the government can show (1) that the imposition of the burden 'is in furtherance of a compelling governmental interest,' and (2) the burden furthers that interest by use of the 'least restrictive means.'" *Barhite*, 377 F. App'x at 510 (quoting 42 U.S.C. § 2000cc-1(a)(1)-(2)).

Plaintiffs allege that their religious affiliate group—"The Christian Separatist Church Society; The Wife of Christ in personam" is dedicated to "the Eternal Salvation of the individual interested persons named as Plaintiffs, herein." (*Id*. at 2.) Specifically, Plaintiffs assert that in order to preserve their eternal souls, they require "adherence to a call for assembly without exception." (*Id*. at 10.) Defendants assert that the religious accommodations provided for already in Ohio prisons are sufficient such that a prohibition on exclusive congregational services does not substantially burden Plaintiffs' exercise of their faith. For example, Plaintiffs may visit individually with a minister during normal prison visiting hours, receive religious publications that do not incite violence, engage in individual prayer, study and reflection; and engage in congregational worship with Protestants.

"The State does not have an affirmative duty to provide every prison inmate with . . . the [religious] service of his choice . . . ." *Small v. Lehman*, 98 F.3d 762, 767 (3d Cir. 1996)*, overruled on other grounds by Boerne v. Flores*, 521 U.S. 507 (1997). "However, the State may not simply deny a substantial number of inmates the right to worship, collectively, especially if their practice of their religion would be significantly inhibited by doing so." *Mann*, 2007 WL 4562634, at *4. Congregate worship, therefore, may be a basic religious experience guaranteed by RLUIPA. In so determining, the Court must examine the importance of congregate worship to members of the religion in question and decide whether a prohibition on doing so would constitute a substantial burden. *Id*.

Here, Plaintiffs have sufficiently stated a claim that their religious practice is substantially burdened by lack of an opportunity to engage in congregate worship with other members of their religion. Defendants' assertion that contrary case law is instructive is unavailing. In *Mann*, the court granted summary judgment to defendant-prison officials where a

8

plaintiff-prisoner contended that the prohibition on congregate worship for his religion—the Christian Identity Church—substantially burdened his faith in violation of RLUIPA. 2007 WL 4562634, at *4. The court found that the plaintiff had "not made an adequate showing that denying him the opportunity to attend separate Christian Identity worship services substantially burdens his exercise of that religion." *Id*. In this case, unlike in *Mann*, discovery has not taken place such that the Court may examine evidence regarding whether a failure to provide for congregate worship is a substantial burden on Plaintiffs. Additionally, the plaintiff in *Mann* had failed to identify any other members of his church who were imprisoned with him and who would attend his congregate worship service. Here, more than one plaintiff has already been identified as someone who would participate in a congregate worship service. In *Damron v. Jackson*, the court held that the plaintiff had "made no showing, other than a bare reference to a 'congregate obligation' that Christian Separatism requires him to participate in congregate worship at all. No. 2:09-cv-050, 2011 WL 4402767, at *8 (S.D. Ohio Sept. 21, 2011). In contradistinction, here, Plaintiffs specifically allege that congregate worship is essential to salvation of their souls in the practice of their religion. Plaintiffs have thus sufficiently pled that Defendants' policies place a substantial burden upon their ability to practice their religion.

For the aforementioned reasons, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED in part and DENIED in part**. (ECF No. 25.) Specifically, the First Amendment claims against Davis, Williams and Mohr should be dismissed, while the RLUIPA claim remains.

**B. Motion to Amend**

The Court has already, pursuant to 28 U.S.C. § 1915(e)(2), dismissed all of Plaintiff's claims except the First Amendment claims against Mohr, Wilson and Davis, as well as the

RLUIPA claims.  (ECF No. 4.)  A review of Plaintiff's proposed Amended Complaint reveals that Plaintiff has asserted no new material facts regarding the events underlying the remaining claims at issue.

Mohr is mentioned only a few times in the Amended Complaint, with respect to having received grievance letters describing failures of other prison officials to respond to grievance letters detailing improper treatment faced by the Plaintiffs while incarcerated.  For example, on June 16, 2015, the Complaint alleges an inmate forwarded a "consolidated Christian Separatist Community letter on Plaintiff's behalf to Director Mohr, captured 'Legal Notice for You to Take Judicial Notice of CI's and RSA's Failure to Respond in a Timely Fashion Regarding the Depravation of the CS Community's Civil Liberties on Grievance(s) & Appeal(s).'"  (Am. Compl. ¶ 366.)  On October 3, 2014, the Complaint further alleges, the Plaintiffs sent a letter to Mohr regarding deprivation of civil rights committed by another prison employee.  (*Id*. ¶ 373.)  These proposed amended allegations against Mohr do not state a claim for the same reason the allegations in the original Complaint fail—there is no constitutional right to an effective grievance procedure.  *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).  As a result, the allegations against Mohr in the Amended Complaint are facially deficient.

The allegations against Wilson in the Amended Complaint similarly fail to properly state a claim.  The Plaintiffs state that a Christian Separatist Community letter was sent to Wilson on January 12, 2015 regarding unresolved grievances.  (Am. Compl. ¶¶ 360.)  On July 8, 2015, Plaintiffs further allege, Wilson issued a response that was "non-qualified" and "not reflective of

10

issues presented." (*Id*. ¶¶ 367-68.) Finally, Plaintiffs allege that Wilson failed to respond to an appeal they made regarding a grievance within a certain period of time proscribed by prison regulations. (*Id*. ¶ 640.) As there is neither a constitutional right to an effective prison grievance procedure (*Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 1999)), nor a constitutional right to having state prison policies and procedures adhered to (*Levin v. Childers*, 101 F.3d 44, 46 (6th Cir. 1996); *Harrill v. Blount County TN*, 55 F.3d 1123, 1125 (6 th Cir. 1995)), the allegations against Wilson in the Amended Complaint are facially deficient.

The deficiency in Plaintiffs pleadings against Davis are similarly not corrected for in the Amended Complaint. The Plaintiffs allege that Davis "issued a pass" against civil disobedience in September 2014. (Am. Compl. ¶ 305.) Additionally, Plaintiffs further allege that "Davis failed to issue any response" to certain plaintiffs' requests for the observation of religious holidays pertaining to the Christian Separatist Church. (*Id*. ¶ 457.) Finally, Davis is alleged to have failed to respond to requests for congregate services. (*Id*. ¶¶ 460, 506, 579.) These allegations do not supplant the allegations in the Complaint such that they satisfy pleading requirements to state a claim against Davis.

Granting Plaintiffs leave to amend their Complaint to assert such individual First Amendment claims, therefore, would be futile because their amended claims would not survive a renewed application of the Rule 12(b)(6) standard. *Riverview Health Inst.*, 601 F.3d at 512. Additionally, Plaintiffs proposed Amended Complaint seeks to add a variety of claims against twenty-two (22) new defendants. The Court is obliged to deny this motion, for the same reasons the Court previously struck Plaintiffs' attempted Amended Complaint on May 23, 2016. (ECF No. 17.)

Federal Rule of Civil Procedure 8(a) provides as follows:

11

    (a)    Claim for Relief. A pleading that states a claim for relief must contain:

        (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

        (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and

        (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Plaintiffs' proffered Amended Complaint does not meet the Rule's minimal requirements. The Court has reviewed Plaintiffs' Amended Complaint, which contains over 900 paragraphs across more than 90 pages against 25 individuals, and has determined that Plaintiffs' submission violates Rule 8(a)'s requirement that a complaint contain a short, plain statement of the claim, as well as Rule 12(f)'s bar on redundant and immaterial matter. Fed. R. Civ. P. 12(f). Indeed, the Court cannot discern what claims Plaintiffs intend to assert against which defendants. As a result, the Undersigned **RECOMMENDS** that Defendants' Motion for Leave to File an Amended Complaint be **DENIED**.

## IV. CONCLUSION

For the reasons stated above, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 25) be **GRANTED in part and DENIED in part** and that Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 26) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: January 30, 2017                             /s/ *Elizabeth A. Preston Deavers*
                                                                   ELIZABETH A. PRESTON DEAVERS
                                                                   UNITED STATES MAGISTRATE JUDGE