IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE CHRISTIAN SEPARATIST CHURCH SOCIETY OF OHIO; THE WIFE OF CHRIST, PROSOPOPOEIA, *et al.*, | :<br>:<br>:<br>: Case No. 2:15-cv-2757 |
| Plaintiffs, | : JUDGE ALGENON L. MARBLEY |
| v. | : Magistrate Judge Deavers |
| GARY C. MOHR, *et al.*, | : |
| Defendants. | : |

**OPINION & ORDER**

This matter comes before the Court for consideration of the plaintiffs' Objection to the Magistrate Judges' December January 30, 2017 **Report and Recommendation** (Doc. 33), recommending that this Court: (1) grant in part and deny in part the defendants' motion to dismiss (Doc. 25); and (2) deny the plaintiffs' motion to amend their complaint (Doc. 26). Upon independent review by the Court, and for the reasons set forth below, the plaintiffs' Objection is hereby **OVERRULED**. The Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's **Report and Recommendation**.

**I. BACKGROUND**

The plaintiffs—a dozen or so inmates housed at various institutions run by the Ohio Department of Rehabilitation and Correction ("ODRC")—who refer to themselves collectively as "The Christian Separatist Church Society of Ohio; The Wife of Christ, in personam"—filed this Section 1983 lawsuit against Gary Mohr, the Director of ODRC, and a host of other prison officials, seeking recognition of their purported faith and congregate worship while imprisoned. (Compl., Doc. 1).

1

Following an initial screen under 28 U.S.C. §§ 1915A—which governs prisoners' civil rights suits—the Magistrate Judge recommended: (1) dismissing all monetary claims against the defendants in their official capacities; (2) dismissing certain parties outright; and (3) dismissing all remaining claims other than one count of an alleged First Amendment violation and one count of an alleged violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. 4).  Both of those claims relate to the plaintiffs' demand for congregate worship while in prison—i.e., to their request to attend group worship services with others who share their religious beliefs.  This Court later adopted the magistrate's report and recommendation following that initial screen.  (Doc. 12).

While the initial screening process played out, the plaintiffs filed an Amended Complaint without having properly sought leave from the court.  (Doc. 8).  On May 23, 2016, the Court struck Plaintiffs' first proposed Amended Complaint.  (Doc. 17).  The remaining defendants (ODRC Director Gary Mohr, ODRC Religious Services Administrator Michael Davis, and ODRC Chief Inspector Roger Wilson) then moved to dismiss the remaining First Amendment and RLUIPA claims.  (Doc. 25).  The plaintiffs, for their part, later filed a motion for leave to file an amended complaint.  (Doc. 26).

On January 30, 2017, Magistrate Judge Deavers issued a Report and Recommendation on both the motion to dismiss and the motion to amend.  (Doc. 33).  Magistrate Judge Deavers recommended granting the motion to dismiss with respect to Plaintiffs' First Amendment claim but denying the motion with respect to Plaintiffs' RLUIPA claim.  (*Id.* at PageID 699).  She also recommended denying the plaintiffs' motion to amend their complaint, citing futility upon a renewed motion to dismiss.  (*Id.* at PageID 701).  The plaintiffs timely filed an objection to the magistrate's report and recommendation.  (Doc. 35).  The defendants did not object.

## II.  LEGAL STANDARDS

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b).  Litigants, even those proceeding pro se, must file specific objections to a magistrate's report and recommendation.  *Murphy v. Reed*, 22 F. App'x 390, 391 (6th Cir. 2001).  Parties who file "vague, general, or conclusory objections" fail to satisfy this requirement and are deemed to have "fail[ed] to object" altogether.  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Under modern federal pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint will survive a motion to dismiss if the plaintiff alleges facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although this standard does not require "detailed factual allegations," a complaint that offers "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not suffice.  *Iqbal*, 556 U.S. at 678 (quotation omitted).  In assessing the sufficiency and plausibility of a claim, courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Courts typically hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).  Thus, the Court must "liberally construe[]" the plaintiffs' complaint.  *Id.*

The plaintiffs moved to amend their complaint after the deadline for amending as a matter of course had passed. Fed. R. Civ. P. 15(a)(1). Accordingly, under the appropriate rule, the Court should freely grant leave to amend if "justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) embodies "a liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (quotation omitted). Nevertheless, the Court should deny leave to amend in appropriate circumstances, including, for example, when "the amendment . . . would be futile" upon a renewed motion to dismiss. *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quotation omitted).

### III. ANALYSIS

Plaintiffs raise two objections to the Magistrate Judge's Report and Recommendation. But first, it's important to note what Plaintiffs do *not* object to: the Magistrate's recommendation that their First Amendment claim be dismissed as to the remaining defendants, Gary Mohr, Roger Wilson, and Michael Davis. (*See* R&R, Doc. 33, PageID 695-97). Discerning no assignment of error to that portion of the Report and Recommendation in Plaintiffs' Objection, the Court will **ACCEPT and AFFIRM** the same.

As to Plaintiffs' objections: *First*, they contend that the Magistrate misstated their requested relief. (Objection, Doc. 35, PageID 707). Plaintiffs wish to clarify that they are seeking only congregate worship services while in prison—i.e., the ability to worship alongside prisoners of the same faith, and that they do not seek *segregated* congregate worship. (*Id.*). *Second*, Plaintiffs argue that the Magistrate improperly recommended against allowing them leave to amend their complaint. (*Id.* at PageID 708). Without elaborating, Plaintiffs assert that they "are not seeking to make redundant, futile efforts, but reasonably believe that they can make the appropriate corrections" to their complaint. (*Id.*).

**A. The Magistrate Judge Properly Characterized Plaintiffs' Requested Relief.**

In Plaintiffs' first objection, they contend that the Magistrate Judge misstated their requested relief as to congregate worship services, arguing as follows:

> The Magistrate has state[d] that 'the Complaint alleges that the Plaintiffs' request for communal, *segregated* religious services in prison have gone unheeded. (Compl. ¶ 8).' Contrary to what the Magistrate is attempting to establish, the Plaintiffs have asked for congregate services only under the teaching and instruction of their specific faith. In other words, non-segregated religious services. . . .

(Objection, Doc. 35, PageID 707 (citation omitted)). Plaintiffs argue that "the addition of the word 'segregated' prejudiciously [sic] changes [their] standing." (*Id.* at PageID 708).

It's difficult to tell exactly what Plaintiffs object to. After all, the Magistrate recommended that the Defendants' motion to dismiss be <u>denied</u> as to Plaintiffs' RLUIPA claim seeking congregate worship services. (R&R, Doc. 33, PageID 699). So Plaintiffs have not been prejudiced in the traditional sense.

More fundamentally, however, the Magistrate was correct: the Plaintiffs *are* requesting segregated congregate worship. ODRC already offers all prisoners the opportunity to engage in congregate worship alongside Protestants. (*See* Mot. to Dismiss, Doc. 25, PageID 532); *see also Damron v. Jackson*, No. 2:09-cv-050, 2011 WL 4402767, at *7 (S.D. Ohio 2011) (Marbley, J.) (noting, in a similar case involving Christian-Separatist prisoners, that Ohio inmates may "engage in congregational worship with Protestants"—the closest denomination). So Christian Separatists can worship alongside other Christian Separatists at those services. Likewise, ODRC offers prisoners the opportunity to: (1) visit individually with a minister during normal prison visiting hours; (2) receive religious publications that do not incite violence; and (3) engage in individual prayer, study, and reflection. (*See* Mot. to Dismiss, Doc. 25, PageID 532); *see also Damron*, 2011 WL 4402767, at *7. So Christian Separatists can practice their faith.

5

Thus, it seems that Plaintiffs want something more than the opportunity to practice their faith and to worship alongside others from the same denomination, albeit under the umbrella of a mainline Protestant service.  From the Court's perspective, Plaintiffs request three forms of relief: (1) the ability to worship under their chosen beliefs (the beliefs of the Christian Separatist Church); (2) the ability to worship alongside other inmates of the same denomination ("congregate worship"); and (3) the ability to worship alongside other inmates of the same denomination *without* having to do so with other mainline protestants or other Christian sects. In other words, Plaintiffs want their *own* congregate worship services—led and attended by Christian Separatists and Christian Separatists alone.  This sounds a lot like "segregated congregate worship," as the Magistrate Judge so indicated.

Because the Magistrate denied the Defendants' motion to dismiss Plaintiffs' RLUIPA claim, and because she accurately characterized the relief sought therein, the Court **OVERRULES** Plaintiffs' objection on this ground.

### B. The Magistrate Judge Properly Denied Leave to Amend.

In Plaintiffs' second objection, they contend that the Magistrate Judge improperly denied leave to amend their complaint under Rule 15(a)(2), arguing as follows:

> The Magistrate denied the Plaintiffs' motion to amend their pleadings. The Plaintiffs are pro se litigants and have established colorable claims within their proposed Amended Complaint that were arguably pled in concise language, relevant to specific causes of action.  Granted the Magistrate still found that the proposed Amended Complaint failed to meet Civil Rule 8(a)'s requirement. Nevertheless, the Plaintiffs should be given another opportunity to make appropriate corrections.
>
> Plaintiffs are not seeking to make redundant, futile efforts, but reasonably believe that they can make the appropriate corrections that will meet Rule 8(a)'s requirement.

6

>Alternatively, if the Plaintiffs are not permitted to amend, the ends of justice will not be met. Rather Plaintiffs will be prejudiced and deprived of relief as claims will be barred by the doctrine(s) of *res judicata* and/or statute of limitations.
>
>In short, justice requires that an amendment be permitted so that the spirit and will of the law rings true; evenhandedly to all of those who trespass its bounds.

(Objection, Doc. 35, PageID 708 (citations omitted)).

In her Report and Recommendation, Magistrate Judge Deavers carefully walked through Plaintiffs' proposed amended complaint—signaling both where and why it would fail and, thus, be futile, upon a renewed motion to dismiss. (R&R, Doc. 33, PageID 700-02 (concluding that "[g]ranting Plaintiffs leave to amend their Complaint to assert such First Amendment claims, therefore, would be futile because their amended claims would not survive a renewed application of the Rule 12(b)(6) standard")). Plaintiffs have not specifically objected to any of those findings or conclusions. Plaintiffs merely argue, in the vaguest terms possible, that their proposed amended complaint would not be futile. This is the same as "fail[ing] to object" altogether because the Court has no specific argument to consider. *See Cole*, 7 F. App'x at 356; *see also Murphy*, 22 F. App'x at 391.

Even putting Plaintiffs' waiver aside, and looking at the proposed amended complaint with fresh eyes, the Court agrees with the Magistrate Judge's recommendation. The newly asserted allegations from the proposed amended complaint would still fail upon a renewed motion to dismiss because: (1) there is no constitutional right to an effective prison grievance procedure; (2) there is no constitutional right to having state prison policies and procedures adhered to; and (3) the proposed amended complaint does not otherwise comply with Federal Rule of Civil Procedure 8(a). (*See* R&R, Doc. 33, PageID 700-02 (citations omitted)). Accordingly, the Court must **OVERRULE** Plaintiffs' purported objection on this ground.

## IV.  CONCLUSION

For these reasons, the Court **ACCEPTS** and **AFFIRMS** Magistrate Judge Deavers's **Report and Recommendation** (Doc. 33), thereby **OVERRULING** Plaintiffs' objection (Doc. 35).  Defendants' motion to dismiss (Doc. 25) is **GRANTED IN PART** (as to Plaintiffs' First Amendment claim against Mohr, Wilson, and Davis) and **DENIED IN PART** (as to Plaintiffs' RLUIPA claim).  Plaintiffs' motion for leave to file an amended complaint (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

                                                  **/s/ Algenon L. Marbley**
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED:  March 17, 2017**