IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE CHRISTIAN SEPARATIST CHURCH SOCIETY OF OHIO, THE WIFE OF CHRIST, PROSOPOPEIA, *et al.*, | : : : : | Case No. 2:15-cv-2757 |
| Plaintiffs, | : : | JUDGE ALGENON L. MARBLEY |
| v. | : : | Magistrate Judge Deavers |
| THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, *et al.*, | : : : : : | |
| Defendants. | : | |

## **OPINION & ORDER**

This matter is before the Court for consideration of Magistrate Judge Deavers's June 14, 2017 **Report and Recommendation** (ECF No. 69) recommending that Plaintiffs' Motion for Preliminary Injunction (ECF No. 47), Motion for Leave to File Amended Complaint (ECF No. 41), and Motion for Leave to File Supplemental Complaint (ECF No. 40) be **DENIED**. For the reasons stated herein, upon de novo review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this Court **OVERRULES** Plaintiffs' Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and hereby **DENIES** Plaintiffs' Motions for Preliminary Injunction, Leave to File an Amended Complaint, and Leave to File a Supplemental Complaint. (ECF Nos. 40, 41, 47.)

### **I. STANDARD OF REVIEW**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1); *see also*

Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party's objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted).

## II. LAW & ANALYSIS

Plaintiffs are a group of inmates incarcerated at various institutions run by the Ohio Department of Rehabilitation and Correction ("ODRC"), who refer to themselves collectively as "The Christian Separatist Church Society; the Wife of Christ in personam." (Compl., ECF No. 1, at 1.) Plaintiffs bring a claim against Defendants for an alleged violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), claiming that, because they must join in the activities of a theologically distinct Protestant group in order to participate in organized worship, they are being prohibited from practicing their religion. Thus, Plaintiffs filed a motion for preliminary injunction, seeking segregated congregate worship and bible study, and for Plaintiffs to be permitted to observe Christian Separatist Holy Days. (*See* Pls.' Mot. Prelim. Inj., ECF No. 47, at 6.)

### A. The Magistrate Properly Recommended Denial of a Preliminary Injunction.

When considering a motion for preliminary injunction, a district court must balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Ne. Ohio Coal. for the Homeless v. Husted*, 696 F.3d 580, 590–91 (6th Cir. 2012). These four considerations are "factors to be balanced, not

2

prerequisites that must be met." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). A preliminary injunction is an "extraordinary remedy" which should be granted "only in the limited circumstances which clearly demand it." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (internal quotation marks and citation omitted).

The Magistrate Judge concluded that Plaintiffs failed to carry the heavy burden necessary to establish their entitlement to injunctive relief because they have not demonstrated a strong likelihood of success on the merits of their RLIUPA claim and have not established that they will suffer irreparable injury. An inmate asserting a RLIUPA claim must "produce prima facie evidence demonstrating that his religious exercise was substantially burdened." *Hayes v. Tennessee*, 424 F. App'x 546, 554 (6th Cir. 2011). An action is classified as a "substantial burden" when that action forces an individual to choose between "following the precepts of her religion and forfeiting benefits." *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010). In *Mann v. Wilkinson*, this Court noted that appellate courts that have addressed what a "substantial burden" is have "arrived at a common understanding of the term": a burden is substantial if "a religious adherent is punished as a result of exercising his or her religion, or is threatened with punishment in order to cause that person to forego practicing his or her religion." No., 2007 WL 4562634, at *3 (S.D. Ohio Dec. 21, 2007).

Magistrate Judge Deavers found that Plaintiffs' religious practice has not been substantially burdened and Plaintiffs have not been irreparably injured because they: (1) are entitled to congregate with other Protestants to worship; (2) are permitted to meet individually with a minister during regular visiting hours; (3) may receive religious publications that do not incite violence; and (4) may engage in individual prayer, study, and reflection. (ECF No. 69 at 5–6.) And in contrast to the Plaintiffs in *Buchanan v. Burbury*, No. 3:05-cv-7120, 2006 WL

3

2010773 (N.D. Ohio July 17, 2006), upon which Plaintiffs heavily rely, Magistrate Judge Deavers found that Plaintiffs have "failed to provide any evidence that any aspect of their religion precludes congregating with the Protestants." (ECF No. 69 at 6.)

To the extent the Court can interpret Plaintiffs' rambling and redundant 34-page Objections, it appears Plaintiffs object to the Magistrate Judge's recommendation that the motion for preliminary injunction be denied on two grounds. First, Plaintiffs claim that the Magistrate Judge erroneously construed Plaintiffs' request for segregated worship as to mean *racially* segregated worship, and that the Magistrate Judge's distaste for racial segregation led her to determine that Plaintiffs were unlikely to succeed on their RLUIPA claim. (*See, e.g.*, ECF No. 75 at 3, 4–5, 18.) This objection is without merit. Nowhere in the Report and Recommendation does the Magistrate Judge indicate that she believes Plaintiffs are requesting racially segregated worship; in fact, the Report and Recommendation's only reference to racial segregation is an excerpt from Defendants' opposition to Plaintiffs' motion for preliminary injunction. (*See* ECF No. 69 at 8.)

Second, Plaintiffs claim that their inability to worship with only Christian Separatists and instead join in group worship with other Protestant Christians is a substantial burden because it is a "form of pressure to force them to engage in the Protestant religion." (ECF No. 75 at 17.) By worshipping with Protestants, Plaintiffs claim that they are being forced to "adhere to lies" and are at risk of "eternal damnation." (*Id.* at 14, 18.) But Plaintiffs have not shown how group worship is essential to the exercise of their religion, nor have they established how being permitted to worship with another Christian denomination "forces" them to abandon their beliefs, take on others, or adopt other religions' holy days. Nor have Plaintiffs identified a "benefit" that they are forfeiting by practicing their religion, other than potential salvation—

4

which is not a benefit provided by the ODRC. The Court finds that not permitting segregated congregate worship does not substantially burden Plaintiffs' religious practice or cause them irreparable injury, particularly where Plaintiffs have the opportunity to engage in other congregate worship, individual meetings with a Christian Separatist minister, possess nonviolent religious literature, and engage in individual prayer and reflection. Indeed, the "State does not have an affirmative duty to provide ever prison inmate with . . . the [religious] service of his choice." *Damron v. Jackson*, No. 2:09-cv-050, 2011 WL 4402767, at *8 (S.D. Ohio Sept. 21, 2011) (Marbley, J.) (quoting *Small v. Lehman*, 98 F.3d 762, 767 (3d Cir. 1996)).

For these reasons, the Court agrees with Magistrate Judge Deavers that Plaintiffs have not shown their entitlement to a preliminary injunction. The Court therefore **OVERRULES** Plaintiffs' objections on this ground.

### B. The Magistrate Judge Properly Denied Leave to Amend or Supplement.

Plaintiffs have also moved for leave to amend and supplement their pleadings to name new individual defendants and plead new causes of action. (*See* ECF Nos. 40, 41.) This Court has twice denied Plaintiffs leave to file amended complaints after reviewing the proposed filings and finding them deficient. (*See* ECF Nos. 17, 42.)

While Federal Rule of Civil Procedure 15(a) provides for liberal amendment of the complaint, *see Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005), a motion to amend should be denied if amendment would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). If a proposed amendment could not withstand a Rule 12(b)(6) motion to dismiss, it is futile. *Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601

5

F.3d 505, 512 (6th Cir. 2010). Similarly, leave to supplement under Rule 15(d)[1] is properly denied if supplementing the complaint would be futile. *See Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) ("[T]he same standard of review and rationale apply" for motions to amend under 15(a) and motions to supplement under Rule 15(d).).

Here, the Magistrate Judge performed a thorough review of Plaintiffs' proposed amended and supplemental complaints, and determined that Plaintiffs have set forth the same factual allegations as in previously rejected complaints and have failed to plead new material facts that would cure the deficiencies in those complaints. (*See* ECF No. 69 at 10–11.) Plaintiffs do not meaningfully object to Magistrate Judge Deavers's findings. Rather, they baselessly claim that their proposed complaints "undoubtedly meet[]" the pleading requirements set forth by the Federal Rules of Civil Procedure. (*See, e.g.*, ECF No. 75 at 31.)

However, even reviewing Plaintiffs' proposed amended and supplemental complaints with fresh eyes, the Court agrees with the Magistrate Judge's recommendation. As this Court stated in a previous Order (ECF No. 42), Plaintiffs' "new" allegations in the proposed amended and supplemental complaints would still fail on a renewed motion to dismiss because: (1) there is no constitutional right to an effective prison grievance procedure; and (2) Plaintiffs are not permitted to bring their claims as a class action lawsuit. (*See* ECF No. 69 at 10–11.) Accordingly, the Court **OVERRULES** Plaintiffs' purported objection on this ground.

---

[1] Rule 15(d) provides: "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

## III.  CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiffs' Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and hereby **DENIES** Plaintiffs' Motions for Preliminary Injunction, Leave to File an Amended Complaint, and Leave to File a Supplemental Complaint.  (ECF Nos. 40, 41, 47.)

**IT IS SO ORDERED.**

                                                    /s/ Algenon L. Marbley
                                                    **ALGENON L. MARBLEY**
                                                    **UNITED STATES DISTRICT JUDGE**

**DATED:  November 1, 2017**